UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**ANTONIO DEVON O'NEAL**                                                 **PLAINTIFF**

v.                                                   **CIVIL ACTION NO. 3:08CV-P459-H**

**OFFICER MCFERLEY** *et al.*                                          **DEFENDANTS**

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's motion to reopen this case and motion for reimbursement of improperly collected filing fees (DN 14).

Plaintiff, Antonio Devon O'Neal, initiated this civil action under 42 U.S.C. § 1983 while incarcerated at the Louisville Metro Correctional Center. Upon filing the instant action, he assumed the responsibility to keep this Court advised of his current address and to litigate his claims actively. *See* LR 5.2(d) ("All pro se litigants must provide written notice of a change of address to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions."). On October 20, 2008, the Clerk of Court sent Plaintiff an Order granting his application to proceed without prepayment of fees (DN 4). The Order was returned to the Court by the United States Postal Service on October 28, 2008, marked, "Return to Sender" (DN 5). The Court waited over forty days after receiving the postal service's notice before taking any action in Plaintiff's case. Thereafter, not having received any address update from Plaintiff, by Order entered December 9, 2008, the Court construed this action to be abandoned and dismissed it.

Over four months after the Court dismissed this action, Plaintiff wrote the Court asking about the status of his case. On May 22, 2009, the Clerk of Court sent Plaintiff a letter

explaining to him that his case was dismissed in December 2008. With the letter, the Clerk of Court enclosed a docket sheet and a copy of the Order of dismissal. Another four months passed before Plaintiff filed the instant motion seeking to reopen this action. In this motion, Plaintiff states that the prison should have forwarded him his mail after his release and that it was oversight that he failed to provide the Court will a valid mailing address.

It was Plaintiff's responsibility to change his address with the Court and to actively monitor his case. Plaintiff filed this action in August 2008. During this time he was released from incarceration and then later incarcerated again. Yet, at no time, did he update the Court with his address. Additionally, Plaintiff did not even take the time to inquire about the status of his case until April 2009. And, even after he was informed in May 2009 that the Court had dismissed his action the previous December, he waited an additional four months before he moved the Court to reopen this case. Plaintiff's failures and delays are inexcusable. The Court will not reopen this matter. Accordingly, Plaintiff's motion (DN 14) is **DENIED** to the extent he requests the Court to reopen this action.

Plaintiff also argues that the Louisville Metro Corrections Department did not properly collect the filing fee in this case in accordance with this Court's filing fee Order and the directives in 28 U.S.C. § 1915. Based on Plaintiff's prison trust account statement, no initial partial filing fee was accessed against him. *See McGore v. Wrigglesworth*, 114 F.3d 601, 606 (6th Cir. 1997). "Despite lack of an initial partial filing fee, [the Court noted that Plaintiff was] still obligated to pay the full [$350.00] filing fee when money does become available." *Id.* To accomplish collection, the Court directed the Louisville Metro Department of Corrections to send to the Clerk of the Court payments from Plaintiff's prison trust account each time the amount in the account exceeds $10.00, until the statutory filing fee of $350.00 is paid in full. 28

U.S.C. § 1915(b)(2). Specifically, the institution was directed to collect the $350.00 filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to his trust account and forwarding payments to the Clerk of the Court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2).

Plaintiff alleges that instead of following the Court's directive, on April 1, 2009, when Plaintiff's account balance was only $747.03, the institution took the entire $350.00 filing fee from his account at once and forwarded it to the Court. As proof, Plaintiff has attached a copy of his account activity from the Louisville Metro Department of Corrections showing that $350.00 was removed from Plaintiff's account on April 2, 2009. The Court has cross-referenced this printout with its own records. The Court's records show that in April 2009, Plaintiff's filing fee was paid in full.

Plaintiff's prison trust account statement shows that his income for the month of March 2009 was $1108.58. Twenty-percent of this amount is $221.76. Thus, it appears that contrary to this Court's directive, the Louisville Metro Department of Corrections took greater than twenty percent of the preceding month's income from Plaintiff's account in April 2009. In fact, the Metro Department of Corrections over-debited Plaintiff's account by $128.24. Plaintiff's motion for reimbursement of this amount (DN14) is **GRANTED**. **The Clerk of Court is DIRECTED to issue a refund check to Plaintiff in the amount of $128.24. The Clerk of Court is further DIRECTED to mail the check <u>certified mail, return receipt requested to Plaintiff's address of record: 2717 W. Main St., Louisville, KY 40212.</u>**

Plaintiff nevertheless remains obligated to pay the $128.24 balance to the Clerk of Court unless he qualifies to proceed *in forma pauperis* as a non-prisoner. Accordingly, the Clerk of

3

Court is **DIRECTED** to mail a non-prisoner application to proceed without prepayment of fees.

**Plaintiff is ORDERED to complete and return the application to the Court within 28 days of the entry of this Order.**

Date:

cc:     Plaintiff, *pro se*
        Financial Section, USDC, WDKY
4412.008